# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| JULIE GASCOIGNE,<br><br>Plaintiff,<br><br>v.<br><br>PAUL GASCOIGNE and SANDY GASCOIGNE,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09-cv-734-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Julie Gascoigne's ("Plaintiff") motion to allow alternative service[2] and motion for service by publication.[3] Both of Plaintiff's motions relate to service of process on Sandy Gascoigne ("Sandy").

At the outset, the court notes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe her pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

In relevant part, rule 4(e)(1) of the Federal Rules of Civil Procedure provides: "Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of

---

[1] *See* docket no. 2.

[2] *See* docket no. 9.

[3] *See* docket no. 11.

general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). Accordingly, Plaintiff's motions are governed by Utah law and the Utah Rules of Civil Procedure.

Rule 4(d)(4)(A) of the Utah Rules of Civil Procedure provides:

> Where the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, where service upon all of the individual parties is impracticable under the circumstances, or where there exists good cause to believe that the person to be served is avoiding service of process, the party seeking service of process may file a motion supported by affidavit requesting an order allowing service by publication or by some other means. The supporting affidavit shall set forth the efforts made to identify, locate or serve the party to be served, or the circumstances which make it impracticable to serve all of the individual parties.

Utah R. Civ. P. 4(d)(4)(A).

> Under this rule, litigants may not resort to service by publication until they have first undertaken reasonably diligent efforts to locate the party to be served. This reasonable diligence requirement arises from constitutional due process rights and the recognition that publication alone is generally not a reliable means of informing interested parties that their rights are at issue before the court.

*Jackson Constr. Co. v. Marrs*, 100 P.3d 1211, 1215 (Utah 2004).

"A determination of reasonable diligence thus properly focuses on the *plaintiff's* efforts to locate the defendant. Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts . . . ." *Id*. at 1216. "The reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It

does, however, require more than perfunctory performance." *Id*. at 1217 (quotations and citation omitted).

> To meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information. A plaintiff who focuses on only one or two sources, while turning a blind eye to the existence of other available sources, falls short of this standard. In a case . . . involving out-of-state defendants, a plaintiff might attempt to locate the defendants by checking telephone directories and public records, contacting former neighbors, or engaging in other actions suggested by the particular circumstances of the case. Advances in technology, such as the Internet, have made even nationwide searches for known individuals relatively quick and inexpensive.

*Id*.

Plaintiff has failed to support either of her motions with the type of affidavit required by rule 4(d)(4)(A). *See* Utah R. Civ. P. 4(d)(4)(A). Although Plaintiff has submitted the affidavits of several process servers, those affidavits demonstrate only that the process servers have attempted to serve Sandy at one particular address in Salt Lake City, Utah, and Plaintiff has failed to provide any information linking Sandy to that particular address. In addition, Plaintiff has failed to submit any information, let alone an affidavit, to demonstrate that she has made any effort to locate Sandy. For these reasons, the court concludes that Plaintiff has failed to satisfy the reasonable diligence requirement.

The court also notes that it is highly questionable whether the service by publication that Plaintiff requests would notify Sandy of the pendency of this case. Pursuant to rule 4(d)(4)(B), any alternative service must "be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action to the extent reasonably possible or practicable."

Utah R. Civ. P. 4(d)(4)(B). In this case, Plaintiff asks the court to allow her to perform service by publication in Salt Lake County, Utah, even though Plaintiff has failed to provide the court with any information indicating that Sandy currently resides in Salt Lake County. Indeed, as noted above, Plaintiff has failed to provide the court with any information to demonstrate that Plaintiff has made any effort to locate Sandy. In addition, there are other indications in the record that Sandy may not even reside within the United States.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion for alternative service[4] and motion for service by publication[5] are both **DENIED WITHOUT PREJUDICE**.

2. On or before **MAY 28, 2010**, Plaintiff shall either complete service of process on Sandy in accordance with the applicable rules or file a renewed motion for alternative service that complies with the requirements set forth above. Failure to do so will result in a recommendation to Judge Kimball that this case be dismissed.

**IT IS SO ORDERED**.

DATED this 29th day of April, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 9.

[5] *See* docket no. 11.