# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| JULIE GASCOIGNE,<br><br>Plaintiff,<br><br>v.<br><br>PAUL GASCOIGNE and SANDY GASCOIGNE,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:09-cv-734-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Paul Gascoigne's ("Paul") motion to dismiss.[2] In addition to seeking dismissal of Julie Gascoigne's ("Plaintiff") claims against him, Paul also requests an award of punitive sanctions against Plaintiff.

At the outset, the court notes that both Plaintiff and Paul are proceeding pro se in this case. Consequently, the court will construe their pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). At the same time, however, the court notes that pro se status does not excuse a party from complying with the basic requirements of the Federal Rules of Civil Procedure and this court's Rules of Practice.[3] *See,*

---

[1] *See* docket no. 2.

[2] *See* docket no. 5.

[3] The Rules of Practice for the United States District Court for the District of Utah can be found online at http://www.utd.uscourts.gov/documents/09rules.html.

*e.g., Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Paul's motion to dismiss was filed on March 3, 2010. Pursuant to the applicable rules, Plaintiff's memorandum in opposition to Paul's motion was due on or before April 5, 2010. *See* DUCivR 7-1(b)(4)(A); *see also* Fed. R. Civ. P. 6. That deadline passed over three weeks ago, and the court has not received any response to Paul's motion. That alone provides the court with a sufficient basis to recommend that Paul's motion be granted. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court[] granting the motion without further notice.").

Furthermore, Paul's motion provides an unopposed, substantive basis for dismissal. Based on Paul's arguments and the documents attached to his motion, it appears that Plaintiff has previously litigated all of the claims and issues raised in her complaint in Utah state court. Consequently, it appears that Plaintiff is barred from pursuing those claims and issues in this case by the doctrine of claim preclusion (also known as res judicata) and/or the doctrine of issue preclusion (also known as collateral estoppel), regardless of whether Utah law or Tenth Circuit law is applied. *See Burrell v. Armijo*, 456 F.3d 1159, 1172 (10th Cir. 2006) (providing required elements for issue preclusion under Tenth Circuit law); *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (providing required elements for claim preclusion under Tenth Circuit law);

*Snyder v. Murray City Corp.*, 73 P.3d 325, 332 (Utah 2003) (providing required elements for both issue preclusion and claim preclusion under Utah law).

For these reasons, **IT IS HEREBY RECOMMENDED** that Paul's motion to dismiss be **GRANTED** and that Plaintiff's claims against Paul in this case be **DISMISSED WITH PREJUDICE**. At the same time, the court does not believe that an award of punitive sanctions against Plaintiff is appropriate under all the circumstances presented here. Accordingly, **IT IS FURTHER RECOMMENDED** that Paul's request for an award of punitive sanctions be **DENIED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1)(C). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See id*. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 29th day of April, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge