# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JULIE GASCOIGNE, Plaintiff, v. PAUL GASCOIGNE and SANDY GASCOIGNE, Defendants. | REPORT AND RECOMMENDATION Case No. 2:09-cv-734-DAK-PMW District Judge Dale A. Kimball Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]

At the outset, the court notes that Julie Gascoigne ("Plaintiff") is proceeding pro se in this case. Consequently, the court has construed her pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). At the same time, however, the court notes that pro se status does not excuse a party from complying with the basic requirements of the Federal Rules of Civil Procedure and this court's Rules of Practice.[2] *See, e.g., Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal

---

[1] *See* docket no. 2.

[2] The Rules of Practice for the United States District Court for the District of Utah can be found online at http://www.utd.uscourts.gov/documents/09rules.html.

Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))).

In a memorandum decision and order dated April 29, 2010, this court denied without prejudice Plaintiff's motion for alternative service and motion for service by publication.[3] In addition, this court ordered that on or before May 28, 2010, Plaintiff was required to either complete service of process on Defendant Sandy Gascoigne ("Sandy") in accordance with the applicable rules or file a renewed motion for alternative service that complied with the requirements for such a motion. This court warned Plaintiff that failure to do so would result in a recommendation to Judge Kimball that this case be dismissed.

As of the date of this Report and Recommendation, Plaintiff has failed to fulfill the requirements of this court's order. Plaintiff has failed to file either proof of service with the court indicating that she completed service of process on Sandy or a renewed motion for alternative service. Based on her failure to comply with this court's order, as well as her failure to complete proper service on Sandy, *see* Fed. R. Civ. P. 4, **IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Sandy in this case be **DISMISSED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1)(C). The parties must file any

---

[3] *See* docket no. 12.

objection to this Report and Recommendation within fourteen (14) days after receiving it. *See id*.

Failure to object may constitute waiver of objections upon subsequent review.

DATED this 8th day of June, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge